**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 97-7775**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM RONALD FORBES,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Malcolm J. Howard, District Judge. (CR-93-23-H, CA-97-101-4-H)

―――――――――

Submitted: June 23, 1998          Decided: August 7, 1998

―――――――――

Before MICHAEL and MOTZ, Circuit Judges, and HALL, Senior Circuit Judge.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

William Ronald Forbes, Appellant Pro Se. Robert Edward Skiver, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Ronald Forbes seeks to appeal the district court's order dismissing, as untimely filed, his motion filed pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). The motion was filed on May 21, 1997, approximately thirteen months after the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA), was signed into law on April 24, 1996. AEDPA amended § 2255 to require that prisoners apply for habeas corpus relief, in most cases, within one year of the date that their convictions become final.

On September 13, 1995, we affirmed the district court's judgment convicting Forbes of four firearms-related charges. United States v. Forbes, 64 F.3d 928 (4th Cir. 1995). His convictions therefore became final no later than December 12, 1995, the last day on which Forbes could have petitioned the Supreme Court of the United States for a writ of certiorari. See SUP. CT. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a United States court of appeals); 28 U.S.C. § 2244(d)(1)(A) (West Supp. 1998) (providing that, in a § 2254 case, the finality of a judgment is determined "by the conclusion of direct review or the expiration of time for seeking such review," whichever is later).

Inasmuch as Forbes's convictions became final prior to AEDPA's amendment of the conditions upon which an application for habeas

corpus relief from state or federal custody would be entertained, he had one full year following the statute's effective date -- until April 24, 1997 -- in which to timely file such an application.  See Brown v. Angelone, No. 96-7173, 1998 WL 389030, at *6 (4th Cir. July 14, 1998) (determining the limitation period with regard to post-AEDPA § 2254 petitions addressing convictions that became final prior to the statute's enactment).  Because the application at issue here was not filed until after that date, it may not be considered.

Accordingly, we deny Forbes a certificate of appealability and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED