**UNITED STATES of America,**

v.

**Eric Gregg FINLEY, Defendant.**

No. CRIM. A. 90–0006–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Aug. 13, 1998.

Ray B. Fitzgerald, Assistant U.S. Attorney, Charlottesville, VA, for U.S.

Willis Spaulding, Charlottesville, VA, for Defendant.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

Eric Finley brings this action as a motion to correct his sentence pursuant to 28 U.S.C. § 2255, Rule 36 of the Federal Rules of Criminal Procedure[1], and § 7B1.4(b)(1) of the United States Sentencing Guidelines. On April 9, 1990 this court sentenced Mr. Finley to 42 months incarceration followed by a four-year period of supervised release for conspiring to possess and sell wildlife taken from a National Park (Count I) and for distribution of approximately 5 grams of marijuana (Count 9). On May 6, 1998 the defendant came before the court for violating conditions of his supervised release. Prior to this hearing the defendant filed the motion to correct his sentence that is the subject of the instant action. The court stayed the supervised release revocation hearing, pending disposition of the defendant's motion to correct his sentence. After a careful consideration of Mr. Finley's motion, the government's response, and the relevant law, it is the court's opinion that Rules 35 and 36 of the Federal Rules of Criminal Procedure and § 7B1.4 of the USSG are not of assistance to Mr. Finley and that the court is barred from considering the § 2255 petition by a limitation period.

## I.

Rule 36 of the Federal Rules of Criminal Procedure permits the court to correct "clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission..." FED. R.CRIM.P. 36. The defendant's sentence was not the result of a clerical error nor was it the result of an oversight or omission. The court had before it and considered all of the facts surrounding the defendant's offenses and the judgment of the court in the sentencing was correctly recorded. Rule 35(c) of the Federal Rules of Criminal Procedure provides: "The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." FED.R.CRIM.P. 35. A court can only correct a sentence pursuant to Rule 35 within 7 days of the sentencing. Mr. Finley was sentenced by this court in 1990 and made the current motion in 1998. Rule 35 is, therefore, inapplicable to Mr. Finley's case.

Turning to Mr. Finley's Section 2255 petition, the court finds that it is barred from considering the defendant's petition by § 2255's one year limitation period. On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA altered 28 U.S.C. § 2255 by stating:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, as amended April 24, 1998.

Subsections (2), (3), and (4) do not apply to the facts of this case as framed by the defendant's motion. Subsection (1) is, therefore, the focus of attention in this matter. Though the statute does not specifically indicate how the one year limitation applies to a defendant whose conviction became final be-

---

**1.** The substance of defendant's motion, however, only makes reference to Rule 35 of the Federal Rules of Criminal Procedure.

fore April 24, 1996, this court adheres to the approach that "No petition filed on or before April 23, 1997—one year from the date of AEDPA's enactment—may be dismissed for failure to comply with [the time limit]." *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir.), *rev'd on other grounds,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). *See also, Brown v. Angelone,* 150 F.3d 370 (4th Cir. 1998). Defendant filed the instant motion April 29, 1998, slightly more than two years after the AEDPA's enactment. The limitation period, therefore, prevents the court from further considering defendant's motion.

■ This period of limitation is not tolled by the fact that the defendant, acting *pro se,* filed a § 2255 petition in April of 1994 that was dismissed without prejudice by Judge Turk. This April 1994 petition was dismissed after correspondence from Judge Turk was returned by the prison where defendant had been incarcerated and no forwarding address was available. After his release and during the time that defendant was on supervised release, he took no action to revive his April 1994 petition. Four years have passed since this first § 2255 petition was filed and, more importantly, two years have passed since Congress enacted the AEDPA—the defendant has had more than a reasonable period of time to file his petition. For these reasons, the court finds that the defendant's April 29, 1998 § 2255 motion is untimely and dismisses the motion pursuant to Rule 4(b) of the Rules Governing § 2255 Cases.[2]

The petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

An appropriate order will be entered this day.

---

2. Defendant also argues that should the court decline to consider his § 2255 motion, the court is prevented under § 7B1.4(b)(1) of the USSG from imposing a further term of incarceration if the court finds that defendant violated terms of his supervised release (an issue to be determined at a future hearing). This argument assumes that the maximum the court could have sentenced the defendant to was one year. This is the exact error that defendant seeks to raise through its § 2255 motion and that this court cannot consider because of § 2255's limitation period. There is nothing to indicate that § 7B1.4(b)(1) provides an independent basis for the review of a sentence. Even if § 7B1.4(b)(1) provided such an independent basis, the court holds that it was well within its discretion in finding that 5 grams of marijuana does not constitute a "small amount" of marijuana within the meaning of 21 U.S.C. § 841(a). Defendant's maximum period of incarceration, therefore, is to be found in § 841 and not the more lenient § 844.