**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 98-6747

LEO EDWARD BRISBANE,

Petitioner - Appellant,

versus

EARL BESHEARS; ATTORNEY GENERAL OF THE STATE
OF MARYLAND,

Respondents - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, Chief District Judge.
(CA-97-3798-JFM)

Submitted:  July 30, 1998          Decided:  August 27, 1998

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Leo Edward Brisbane, Appellant Pro Se.  John Joseph Curran, Jr.,
Attorney General, Ann Norman Bosse, OFFICE OF THE ATTORNEY GENERAL
OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998). We have reviewed the record and the district court's opinion and find that Appellant's § 2254 petition was not timely filed in the district court.[*] See 28 U.S.C.A. § 2244(d)(1), (2) (West Supp. 1998). Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Because Appellant's conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, he had until April 23, 1997, to file his § 2254 petition in the district court, excluding any time that his state post-conviction application was pending. See Brown v. Angelone, ___ F.3d ___, Nos. 96-7173, 96-7208, 1998 WL 389030 (4th Cir. July 14, 1998); 28 U.S.C.A. § 2244(d)(2). Appellant filed his state post-conviction application on January 31, 1997. Therefore, 282 days of the one-year period had elapsed before Appellant filed the state application. The state court denied relief on June 25, 1997, so Appellant had 83 days from that date to file his § 2254 petition. He did not file the petition in the district court until November 12, 1997, 140 days after the state action concluded. Appellant's petition therefore was untimely filed.