**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GREGORY LANGLEY,
Petitioner-Appellant,

v.                                                    No. 97-7692

A. D. ROBINSON,
Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
David G. Lowe, Magistrate Judge.
(CA-97-338-R)

Submitted: September 10, 1998

Decided: September 28, 1998

Before MURNAGHAN, MICHAEL, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory Langley, Appellant Pro Se. Michael Thomas Judge, OFFICE
OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gregory Langley appeals the magistrate judge's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998). We have reviewed the record and the magistrate judge's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal.

In this case, the magistrate judge concluded that Langley's petition was barred by the one-year limitations period of 28 U.S.C.A. § 2244(d)(1) (West Supp. 1998). Langley's conviction became final on May 9, 1995, and his attempt at state habeas relief was finally denied on November 20, 1995. The magistrate judge concluded that this petition, received in the district court on April 17, 1997, was unreasonably delayed. See Peterson v. Demskie , 107 F.3d 92, 93 (2d Cir. 1997). The magistrate judge did not have the benefit of our recent opinion in Brown v. Angelone, ___ F.3d ___, 1998 WL 389030 (4th Cir. July 14, 1998) (Nos. 96-7173, 96-7208), in which we concluded that a limitation date of April 23, 1997, provided habeas petitioners with a reasonable period in which to file new § 2254 petitions. As a result, Langely's petition should not have been dismissed as time barred.

Notwithstanding our conclusion that the petition was timely, the magistrate judge did not commit reversible error in dismissing the petition. Langley claimed only that his state conviction for abduction, robbery and use of a firearm in the commission of a felony was not supported by sufficient evidence. Because this claim was adjudicated on the merits in the state courts, a federal court may not grant an application for a writ of habeas corpus unless the decision was contrary to, or an unreasonable application of a clearly established Supreme Court decision, or was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Neither the record nor Langley's petition contain a hint of error of this magnitude on the part of the state courts. The state court's rejection of Langley's claim that the victim's positive identification of Appellant as the perpetrator was insufficient to support his conviction does not amount to an unreasonable determination of fact or law. Consequently, the appeal of the

2

magistrate judge's order dismissing Langley's petition is dismissed on this reasoning. See Dandridge v. Williams, 397 U.S. 471, 475-76 n.6 (1970). We deny Langley's motion for the appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3