**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 98-7353

JERMAINE HOLT,

Petitioner - Appellant,

versus

THOMAS R. CORCORAN, Warden; ATTORNEY GENERAL
OF THE STATE OF MARYLAND,

Respondents - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.  (CA-
98-235-CCB)

Submitted:  October 20, 1998        Decided:  November 4, 1998

Before WILKINS and HAMILTON, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Jermaine Holt, Appellant Pro Se.  John Joseph Curran, Jr., Attorney
General, Regina Hollins Lewis, Assistant Attorney General, Balti-
more, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jermaine Holt seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998). We have reviewed the record and the district court's opinion and find that Appellant's § 2254 petition was not timely filed in the district court.[*] See 28 U.S.C.A. § 2244(d)(1), (2) (West Supp. 1998). Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Because Appellant's conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, he had until April 23, 1997, to file his § 2254 petition in the district court, excluding any time that his state post-conviction application was pending. See 28 U.S.C.A. § 2244(d)(1), (2); Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998). Appellant filed his state post-conviction application on January 16, 1997. Therefore, 267 days of the one-year period had elapsed before Appellant filed the state application. The state court denied relief on September 25, 1997, so Appellant had 98 days from that date to file his § 2254 petition. Assuming that Appellant handed his petition to prison officials for mailing on the date he signed it, January 2, 1998, the petition was filed on the 99th day. Appellant's petition therefore was untimely filed.

2