**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES DAMON SUMPTER,
Plaintiff-Appellant,

v.                                                          No. 97-6946

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-90-25)

Submitted: September 8, 1998

Decided: November 23, 1998

Before MURNAGHAN, MICHAEL, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

James Damon Sumpter, Appellant Pro Se. Robert William Jaspen,
OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA), established a one-year limitations period for filing motions under 28 U.S.C.A.§ 2255 (West 1994 & Supp. 1998). In Brown v. Angelone, ___ F.3d ___, Nos. 96-7173, 96-7205, 1998 WL 389030 (4th Cir. July 14, 1998), we determined that the one-year limitations period did not apply retroactively. See id. at *5-6. Therefore, a person whose conviction became final before the effective date of the AEDPA had until April 23, 1997, to file a § 2255 motion. See id. at *6.

James Sumpter pleaded guilty to drug offenses in 1990. He did not appeal his conviction or sentence. On April 28, 1997, his § 2255 motion, which was notarized on April 22, 1997, was filed in the district court. The district court dismissed the motion because it was filed more than one year after the date Sumpter's conviction became final. Sumpter appeals that decision.

We grant leave to proceed in forma pauperis, grant a certificate of appealability, vacate the order of the district court, and remand for further proceedings. First, the district court must determine when Sumpter delivered the motion to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). If the court finds that Sumpter delivered the motion by April 23, 1997, the motion will be deemed timely filed, and the district court presumably should address the merits of Sumpter's claims.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

2