**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-6107

VITTORIO GIUSEPPE CUCCI, a/k/a
Victor,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-91-230, CA-96-2131-5)

Submitted: October 9, 1998

Decided: December 17, 1998

Before NIEMEYER and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul Martin Stroebel, STROEBEL, JOHNSON & PRESTON,
P.L.L.C., Charleston, West Virginia, for Appellant. Michael Lee Kel-
ler, OFFICE OF THE UNITED STATES ATTORNEY, Charleston,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Vittorio Giuseppe Cucci appeals from the district court's denial of relief on his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). To the extent that Cucci contends the trial court erred in finding him responsible for five kilograms of cocaine, our review of the record discloses ample evidence to support such a finding. See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.12) (1997). The trial court's finding that Cucci had both the intent and the capability of delivering five kilograms of cocaine was not clearly erroneous, and thus the district court did not err in denying Cucci's § 2255 motion on this ground. See USSG § 2D1.1, comment. (n.12); United States v. Brooks, 957 F.2d 1138, 1151 (4th Cir. 1992).

Likewise, because the evidence was more than sufficient to convict Cucci even without the introduction of the physical evidence seized as a result of the allegedly illegal search, even assuming that trial counsel's failure to move to suppress this evidence at trial was objectively unreasonable, Cucci cannot show he was prejudiced thereby. See Strickland v. Washington, 466 U.S. 678, 687-88 (1984). Finally, because Cucci was afforded a full and fair opportunity to litigate the legality of the search at trial and on appeal, this claim cannot be raised in collateral review before this court. See Stone v. Powell, 428 U.S. 465, 494 (1976).

We have reviewed the record and the district court's opinion adopting in part and rejecting in part the magistrate judge's recommendation and find no reversible error.* Accordingly, we deny a certificate

_____

*We note that although the district court held alternatively that Cucci's motion was untimely under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, because Cucci's conviction became final prior to enactment of the AEDPA, his § 2255 motion filed December 23, 1996, was timely. See 28 U.S.C.A. § 2255; Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998).

2

of appealability and dismiss the appeal. We deny Cucci's motion for oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

DISMISSED

3