**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLES ALBERT HARRIS,
Petitioner-Appellant,

v.

JAMES RIVER CORRECTIONAL CENTER,
WARDEN,
Respondent-Appellee.

No. 98-6662

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-97-722-R)

Submitted: December 15, 1998

Decided: January 29, 1999

Before LUTTIG and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Charles Albert Harris, Appellant Pro Se. Linwood Theodore Wells,
Jr., Assistant Attorney General, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Charles Albert Harris appeals the district court's order denying his 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998) petition as untimely under 28 U.S.C.A. § 2244(d) (West Supp. 1998). A Richmond Circuit Court jury convicted Harris of four counts of grand larceny in June 1991, and Harris executed his first state habeas corpus petition on March 26, 1997. After the denial of his state petition, Harris filed his § 2254 petition with the district court on September 8, 1997.

In denying the § 2254 petition as untimely, the district court did not have the benefit of our recent decision in Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998). In Brown, we held that prisoners such as Harris whose convictions became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, had a full year, until April 23, 1997, to file § 2254 petitions. Id. at 375-76. In addition, the one-year limitation period is tolled during the pendency of a properly filed state post-conviction proceeding. See 28 U.S.C.A. § 2244(d)(1), (2) (West Supp. 1998). Here, then, since Harris properly filed his state habeas corpus petition twenty-eight days prior to April 23, 1997, he was accorded until September 10, 1997, to timely file his § 2254 petition with the district court--twenty-eight days from the August 13, 1997, denial of his state habeas petition. Because the § 2254 petition was filed on September 8, 1997, we conclude the petition was timely.

Accordingly, we grant a certificate of appealability, vacate the district court's order denying the petition as untimely, and remand the matter for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

2