**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                      No. 97-6909

HARRY REID LIVERS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-94-2, CA-97-53)

Submitted: July 27, 1999

Decided: August 19, 1999

Before MURNAGHAN, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Harry Reid Livers, Appellant Pro Se. Kevin Michael Comstock,
OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Vir-
ginia; Stephen Wiley Miller, OFFICE OF THE UNITED STATES
ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Harry Reid Livers filed a 28 U.S.C.A. § 2255 (West Supp. 1999) motion that was delivered to the district court on April 25, 1997. Livers pled guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 841 (1994). The court sentenced him on July 18, 1994. The court dismissed the § 2255 motion because it concluded that Livers had one year from July 18, 1994, to file the motion under the newly enacted AEDPA. Livers timely appealed the order.

While the case was pending on appeal, this court decided Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998). Under Brown, Livers had until April 23, 1997, to file his federal habeas motion. See id. at 375-76. We remanded the case to the district court to determine the date on which Livers delivered the motion to prison officials for forwarding to the court, and whether the motion was timely filed under Houston v. Lack, 487 U.S. 266 (1988). On remand, the district court found that Livers delivered the motion to prison officials on April 23, 1997, and thus it was timely filed.

The district court did not consider the merits of Livers' motion when it summarily dismissed the motion as time-barred. On remand, the court had jurisdiction only to determine the filing date issue. Therefore, the original district court order dismissing the motion is vacated and remanded with instructions to review the merits of the timely petition.

We deny Livers' emergency motion for bail. See Aronson v. May, 85 S. Ct. 3, 5 (1964). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED