**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-6619

MELVIN M. STANFORD, a/k/a Slim,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-82-351, CA-97-923-L)

Submitted: July 6, 1999

Decided: August 26, 1999

Before WILKINS, HAMILTON, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Melvin M. Stanford, Appellant Pro Se. Philip S. Jackson, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Melvin Stanford appeals the district court's order denying as untimely filed his motion under 28 U.S.C.A. § 2255 (West Supp. 1999). He claims that his motion was filed within the statutory limitations period, and we agree. Where the prisoner's conviction became final prior to the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the one-year limitations period provided by 28 U.S.C.A. § 2244(d) (West Supp. 1999), will run from April 24, 1996, the effective date of the statute. See Brown v. Angelone, 150 F.3d 370, 375-76 (4th Cir. 1998). Because Stanford's motion was executed on March 28, 1997, it was timely filed. Accordingly, we grant a certificate of appealability, vacate the order of the district court, and remand the matter for further proceedings.* We express no opinion on the merits of Stanford's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED
_____
*Indeed, the district court has recognized the error and has reopened the case. We vacate the district court's dismissal order simply to ensure that the district court possesses jurisdiction to proceed.

2