**ON PETITION FOR REHEARING**

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GRADY YOUNG,
Petitioner-Appellant,

v.

PHOEBE JOHNSON, Warden of Perry

Correctional Institution; CHARLES M.
CONDON, Attorney General of the
State of South Carolina,
Respondents-Appellees.

No. 99-6141

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Charles E. Simons, Jr., Senior District Judge.
(CA-98-2127-4-6AK)

Submitted: August 17, 1999

Decided: September 3, 1999

Before ERVIN, WILKINS, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Grady Young, Appellant Pro Se. William Edgar Salter, III, OFFICE
OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Colum-
bia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Grady Young sought to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1999) on the grounds that it had not been timely filed. See Young v. Johnson, No. CA-98-2127-4-6AK (D.S.C. Dec. 28, 1998). We initially agreed that the petition was untimely, denied a certificate of appealability, and dismissed Young's appeal. See Young v. Johnson, No. 99-6141 (4th Cir. June 2, 1999).

Young filed a petition for rehearing. While his petition was pending, this court decided Taylor v. Lee, ___ F.3d ___, No. 98-36 (4th Cir. July 29, 1999). In Taylor we held that "under § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court . . ., is tolled from the limitations period for federal habeas corpus petitioners who were already involved in state post-conviction proceedings on April 24, 1996." Taylor v. Lee, slip op. at 8. Applying Taylor, we now find that Young's § 2254 petition was timely. See Taylor v. Lee, slip op. at 8; Brown v. Angelone, 150 F.3d 370, 375-76 (4th Cir. 1998). Accordingly, we grant Young's petition for rehearing, grant a certificate of appealability, vacate the district court order, and remand for the district court to consider the merits of Young's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

2