**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 99-6366**

BRUCE DEAN PALMER, a/k/a Timothy Jonathan
Hansen,

                                  Plaintiff - Appellant,

        versus

THOMAS R. CORCORAN; ATTORNEY GENERAL FOR THE
STATE OF MARYLAND,

                                  Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Benson E. Legg, District Judge.  (CA-98-
3543-L)

Submitted:  July 13, 1999        Decided:  September 24, 1999

Before ERVIN,* NIEMEYER, and HAMILTON, Circuit Judges.

Dismissed by unpublished per curiam opinion.

_____

        * Judge Ervin participated in the consideration of this case
but died prior to the time the decision was filed.  The decision is
filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Bruce Dean Palmer, Appellant Pro Se.  John Joseph Curran, Jr., Attorney General, Ann Norman Bosse, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bruce Dean Palmer appeals the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1999). Palmer's petition is barred by the one-year statute of limitations. See 28 U.S.C.A. § 2244(d) (West Supp. 1999). Palmer had until April 23, 1997, to file his federal habeas petition. See Brown v. Angelone, 150 F.3d 370, 375-76 (4th Cir. 1998). The limitations period was tolled beginning on March 3, 1997, when Palmer's state petition for post-conviction relief was properly filed. The state petition remained pending until January 5, 1998, when it was denied. Although Palmer sought to appeal to the Maryland Court of Special Appeals, his application for leave to appeal was late and his motion for leave to file a late appeal was denied. Accordingly, his untimely application for leave to appeal did not toll the limitations period because it was not "properly filed." See 28 U.S.C.A. § 2244(d)(2). Thus, Palmer had until February 26, 1998, to file his federal habeas petition. Palmer filed his federal habeas corpus petition on, at the earliest, August 1, 1998. See Houston v. Lack, 487 U.S. 266 (1988). Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED