**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JAMES A. BUTLER, a/k/a Willie
James Butler, a/k/a John Thomas,
a/k/a Grady,
Defendant-Appellant.

No. 97-7076

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JAMES A. BUTLER, a/k/a Willie
James Butler, a/k/a John Thomas,
a/k/a Grady,
Defendant-Appellant.

No. 97-7235

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JAMES A. BUTLER, a/k/a Willie
James Butler, a/k/a John Thomas,
a/k/a Grady,
Defendant-Appellant.

No. 97-7236

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-91-44)

Submitted: October 29, 1999

Decided: November 15, 1999

Before WILKINS, HAMILTON, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

James A. Butler, Appellant Pro Se. Howard Crawford Vick, Jr.,
OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James A. Butler appeals the district court's order denying his
request for an extension of time in which to file his 28 U.S.C.A.
§ 2255 (West Supp. 1999), motion and ordering the district court
clerk not to file the 28 U.S.C.A. § 2255 motion. Butler's motion for
post-conviction relief was received in the district court on April 29,
1997. The district court ordered the district court clerk not to file the
motion because it concluded that Butler had one year from July 1993,
when his conviction became final, in which to file under the newly
amended 28 U.S.C.A. § 2255. See Antiterrorism and Effective Death
Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. Butler
timely appealed the order.

2

While the case was pending on appeal, this court decided <u>Brown v. Angelone</u>, 150 F.3d 370 (4th Cir. 1998). Under <u>Brown</u>, Butler had until April 23, 1997, to file his federal habeas motion. <u>See id.</u> at 375-76. We remanded the case to the district court for the limited purpose of determining the date on which Butler delivered the motion to prison officials for forwarding to the court and was therefore considered filed under <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988). <u>See United States v. Butler</u>, No. 97-7076(L), slip op. at 3 (4th Cir. Oct. 19, 1998) (per curiam). On remand, the district court found that Butler delivered the motion to prison officials prior to April 23, 1997. Accordingly, Butler's motion was timely filed. <u>See Brown</u>, 150 F.3d at 376.

The district court did not consider the merits of Butler's § 2255 motion when it denied the motion for an extension of time in which to file and ordered the district court clerk not to file the motion as time-barred. On remand, the court had jurisdiction only to determine the date on which Butler filed the motion. Accordingly, we grant a certificate of appealability. The court's order directing the clerk not to file the motion is vacated and remanded with instructions to review the merits of the timely petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

3