Filed:  September 19, 2000

            UNITED STATES COURT OF APPEALS

            FOR THE FOURTH CIRCUIT
                    _____

                    No. 00-6592
                (CR-89-180-A, CA-99-1107-AM)
                    _____


United States of America,

                                    Plaintiff - Appellee,

        versus


Willie Horton,

                                    Defendant - Appellant.


                    _____

                    O R D E R

                    _____


        The court amends its opinion filed June 28, 2000, as follows:

        On page 2, first full paragraph, line 10 -- "July 13, 1997" is
corrected to read "July 13, 1999."

                                    For the Court - By Direction


                                    /s/ Patricia S. Connor
                                         Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 00-6592

WILLIE HORTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-89-180-A, CA-99-1107-AM)

Submitted: June 15, 2000

Decided: June 28, 2000

Before NIEMEYER and MOTZ, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Willie Horton, Appellant Pro Se. Charles Philip Rosenberg, OFFICE
OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Willie Horton appeals the district court's order denying as untimely his motion under 28 U.S.C.A. § 2255 (West Supp. 2000), in which he challenges his July 20, 1989, conviction for first degree murder of another inmate. Where, as here, the prisoner's conviction became final prior to the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996, the one-year limitations period provided by 28 U.S.C.A. § 2244(d) (West Supp. 2000), will run from April 24, 1996, the effective date of the statute. See Brown v. Angelone, 150 F.3d 370, 375-76 (4th Cir. 1998). Because Horton's motion was executed on July 13, 1999, and filed on July 20, 1999, it was untimely.

Horton contends he has the right to additional time to file his motion, based upon a government impediment, specifically, the government's alleged failure to disclose a November 7, 1989, Housing Status Report reflecting that Horton was moved on the night of the murder of which he was convicted. However, even giving Horton the benefit of that additional time, based upon his claim that until the disclosure of the document during a summary judgment hearing he could not have known the facts upon which his motion is based, Horton's motion still was untimely filed, having been filed more than one year after November 25, 1997, the date the alleged governmental impediment was removed by way of the district court's Memorandum Opinion granting the government's motion for summary judgment.

Accordingly, we deny a certificate of appealability and dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

2