Bobby David GREEN,
Petitioner–Appellee,

v.

James A. LYNAUGH, Director, Texas
Department of Corrections,
Respondent–Appellant.

No. 88–2324.

United States Court of Appeals,
Fifth Circuit.

March 24, 1989.

David B. Fannin, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellant.

Thomas S. Berg, Roland E. Dahlin, II, George O. Jacobs, Houston, Tex., for petitioner-appellee.

Before GARZA, JOLLY and JONES, Circuit Judges.

PER CURIAM:

The State of Texas brings this appeal from the granting of *habeas corpus* relief to defendant Bobby David Green on the basis that he received ineffective assistance of counsel at trial because his attorney was inadequately prepared for trial and because counsel advised him to waive trial by jury. We are convinced that the district court misapplied the standard for determining when counsel has been ineffective. We reverse.

### Background

On the morning of February 10, 1982, Richard Kast was returning to his home at the Natchez Trace Apartments when he was accosted and robbed at gunpoint in a darkened foyer of the apartment complex by two armed men. At the time of the robbery, defendant Bobby David Green lived with his brother and a third individual in another apartment unit approximately two and one-half miles away. In mid-February, 1982, Green, together with his two

roommates, moved to the Natchez Trace Apartments. Shortly thereafter, and several times during the period between March and May 17, 1982, Kast observed defendant Green at the apartment complex. He accused defendant of being one of the men involved in the robbery on February 10, 1982. Kast claims to have summoned the Houston Police Department on each occasion that he observed Green, only to have him disappear before the officers arrived. On May 17, 1982, however, Kast was able to summon the police in time for them to arrest Green.

Ronald N. Hayes was appointed to represent Green at trial. Hayes spoke with his client three or four times before trial. He also negotiated a plea offer with the District Attorney, an offer that Green rejected. Hayes filed no motions in the case, and conducted no investigation save a visit to the Natchez Trace Apartments complex to look at its layout. He also had conversations with both Jimmy Green, petitioner's brother, and Terri Alexander, a friend, neither of whom could provide an alibi. Hayes admitted that he was surprised at trial by certain testimony which confirmed in part the story that Green had related to him.

Hayes advised Green of his right to a jury trial and also advised him that he could waive a jury if he wished. It was Hayes's judgment that the trial judge to whom the case had been assigned was more likely to acquit the defendant than would be a jury. In addition, he believed that the trial judge would certainly be more lenient than a jury at the sentencing phase in the event that she returned a guilty verdict.[1] Thus, Hayes advised Green to waive a trial by jury.

Following the trial, at which testimony was heard from Kast, Green, Green's brother, and one Henry Lang, an employee of a convenience store that Green frequented, the judge returned a guilty verdict. She sentenced Green to fifteen years in the penitentiary.

Green exhausted his state remedies and then sought federal *habeas corpus* review of his conviction. In December, 1987, Magistrate Kelt conducted an evidentiary hearing to determine whether Green received ineffective assistance of counsel at trial. The magistrate concluded that Green's counsel was inadequately prepared for trial and was ineffective in recommending that defendant waive his right to trial by a jury. The United States District Court for the Southern District of Texas adopted the magistrate's findings and the state appealed.

## Discussion

■ The Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) sets out the standard for judging whether a criminal defendant received ineffective assistance of counsel. To sustain such a claim, a defendant must show: (1) that counsel's performance was in some way "deficient" in the sense that the advice given by counsel was not within the range of competence demanded by attorneys in criminal cases; and (2) that the deficiencies in counsel's performance were prejudicial to the defense, in the sense that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. A "reasonable probability" is probability "sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068. If the facts adduced at trial point so overwhelmingly to the defendant's guilt that even the most competent attorney would be unlikely to have obtained an acquittal, then the defendant's ineffective assistance claim must fail.

■ The magistrate concluded that Hayes provided ineffective assistance to Green on basically two grounds: (1) Hayes's insufficient trial preparation, and (2) his advice that Green should waive trial by jury. The court pointed out that Hayes conducted almost no investigation. He made no attempt to obtain records confirming that Green moved into the Natchez Trace Apartments following the robbery.

1. Hayes apparently did not realize that trial by jury does not preclude sentencing by the judge.

He did not seek to obtain police records of reports Kast might have made at the time of the robbery or on subsequent occasions when he identified Green as one of the robbers; and he made no attempt to interview any of the state's witnesses. The court concluded that Hayes's insufficient preparation led to his erroneous recommendation that Green waive trial by jury.

Although the court recognized that the strategic choices of defense counsel are presumed correct, it simply could not agree that a jury should have been waived in this case. According to the court, "[a] single juror hearing the testimony in this case could create a deadlocked jury. By waiver of a jury, Green surrendered any possibility of a deadlock. This case, in the opinion of the court, should have been submitted to the jury."

The government responds that no one disputed Green's version of when he moved into the Natchez Trace Apartment complex. Thus, the apartments' records would have been cumulative. The same is true, according to the government, of the Houston police records. Finally, the state urges that the district court did not accord Hayes's recommendation to waive a jury the great deference to which such strategic trial decisions are entitled under *Strickland*. According to the government, Hayes's advice was based upon his experience and his beliefs regarding the inclinations of the trial judge. Thus, the government argues that "the district court erred in finding that his advice was outside the range of competent professional assistance." We agree.

Although the line that must be drawn between effective and ineffective assistance is a waivering and uncertain one, the standard established in *Strickland* creates a "strong presumption" that the lawyer's conduct fell within the wide range of competence demanded of criminal defense attorneys. On the evidence presented here we may certainly conclude that Hayes's defense of Green was not as diligent and conscientious as we might hope to observe from the attorneys who practice before us. *Strickland*, however, requires something more; it requires that we find his work "deficient" in the sense that his performance did not measure up to that of a reasonably competent attorney. Even counsel's decision not to investigate a particular set of circumstances in a case is entitled to "a heavy measure of deference to counsel's judgments." *Id.* at 691, 104 S.Ct. at 2066.

It is not enough to show that some, or even most, defense lawyers would have handled the case differently. As the Supreme Court has observed, "[i]t is all too tempting for a defendant to secondguess counsel's assistance after conviction." *Id.* at 689, 104 S.Ct. at 2065. It is likewise too facile "for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* The decision of Mr. Hayes here to recommend a bench trial to his client is the type of act for which *Strickland* requires that judicial scrutiny be highly deferential. Overturning defendant's conviction on the basis of such an act does not reflect a sufficient degree of deference to counsel's judgments.

■ Even if we were to conclude, however, that Hayes did not perform as a reasonably competent attorney, defendant has failed to show that his attorney's errors led to a finding of guilt before the trial judge. Green's burden was to demonstrate a possibility "sufficient to undermine confidence in the outcome" of his trial that, but for Hayes's insufficient preparation and his recommendation to waive trial by jury, the factfinder would have had a reasonable doubt respecting guilt. Aside from the speculation by the magistrate that a jury might have deadlocked over the evidence presented, there is nothing in the record to indicate that, in the absence of defense counsel's errors, a *different* factfinder (i.e. a jury) would have been reasonably likely to arrive at a different outcome.

We therefore REVERSE the decision of the district court. Defendant's petition for writ of *habeas corpus* is hereby denied.