Willie Fay MITCHELL

v.

Burl CAIN, Warden

and

Michael O. COOK

v.

Burl CAIN, Warden.

Civil Action Nos. 3:97–883, 3:97–994.

United States District Court,
W.D. Louisiana,
Monroe Division.

July 28, 1997.

Willie Fay Mitchell, Angola, LA, pro se.

Michael O. Cook, Angola, LA, pro se.

## MEMORANDUM ORDER

MELANÇON, District Judge.

These actions are before the Court on the Magistrate Judge's Report and Recommendation that the matters be dismissed because they are barred by the one-year limitation period included in the recent Anti–Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214. *See* 28 U.S.C. § 2244. Both petitioners have filed objections. This Court reviews the Magistrate Judge's determinations de novo. *28 U.S.C. § 636(b).*

The issue before this Court is whether the newly enacted limitations period of the AEDPA is effective against a cause of action which had accrued previously, but which was filed following the enactment of the Act. Prior to the AEDPA, state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition. *See Calderon v. United States,* 112 F.3d 386, 388 (9th Cir. 1997). The AEDPA dramatically changed this by creating a one-year limitation period within which a state prisoner may file his petition for habeas relief in federal court pursuant to 28 U.S.C. § 2254.[1] Whether this limitation period applies retroactively to cases in which the one-year period had run before April 24, 1996, the AEDPA's effective date, has been the subject of disagreement among courts.

The Fifth Circuit has not ruled on this issue, but has stated that the AEDPA's limitation period "presents important and difficult issues," and that "there are obvious and quite forceful arguments against its application." *United States v. Shunk,* 113 F.3d 31, 34 (5th Cir.1997). This Court acknowledges, however, the Fifth Circuit's holding in *St. Louis v. Texas Worker's Compensation Commission,* 65 F.3d 43 (5th Cir.1995), in which the Fifth Circuit held that the new limitations period under the Age Discrimination and Employment Act applied to bar a suit filed after the effective date of the amendment, but arising from events that occurred before the amendment. The Fifth Circuit

stated that "changes in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity" because of the "diminished reliance interests" in matters of procedure. *St. Louis,* 65 F.3d at 46. The Fifth Circuit noted, however, that the Supreme Court has warned "that retroactivity concerns can have application to procedural rules in some circumstance and that not all changed procedural rules should be applied automatically to every pending case." *Id. citing Landgraf v. USI Film Products,* 511 U.S. 244, 275 n. 29, 114 S.Ct. 1483, 1502 n. 29, 128 L.Ed.2d 229 (1994).

Most courts which have reached the issue of the AEDPA's one year limitation period have determined that petitioners must be afforded a reasonable time following the passage of the Act before claims which have accrued before the Act's passage will be time barred. *Calderon v. United States,* 112 F.3d 386 (9th Cir.1997); *Peterson v. Demskie,* 107 F.3d 92 (2d Cir.1997); *Lindh v. Murphy,* 96 F.3d 856 (7th Cir.1996) (en banc), *rev'd in part,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481.

Other courts, however, have applied the new limitations period to all petitions filed after the enactment of the Act, affording no grace period. *Clarke v. United States,* 955 F.Supp. 593 (E.D.Va.1997); *Curtis v. Class,* 939 F.Supp. 703 (D.S.D.1996); *United States v. Bazemore,* 929 F.Supp. 1567 (S.D.Ga.1996).

After a through review of the persuasive authority on this issue, this Court agrees with the emerging majority position that where an action accrued prior to the enactment of the AEDPA, the Act's new limitations period can only be applied to bar the action after a reasonable time has elapsed. This Court must now determine what "reasonable time" should apply.

Some courts have decided that the one-year period is short enough to be itself reasonable, and therefore no claims filed before April 24, 1997 will be time barred under § 2244(d). *Lindh,* 96 F.3d at 866; *Flowers v. Hanks,* 941 F.Supp. 765, 771 (N.D.Ind.

---

1. The limitation period begins to run from the latest of four events set forth in the Magistrate Judge's Report and Recommendation.

1996); *Duarte v. Hershberger,* 947 F.Supp. 146, 149 (D.N.J.1996). On the other hand, the Second Circuit has refused to accord a full year to every case. *Peterson,* 107 F.3d at 93.

This Court finds that the one-year period is itself short enough to be reasonable and petitioners should be accorded a full year after the effective date of the AEDPA as a grace period. This decision is based on the liberal treatment traditionally conferred on pro se parties, and the prevailing lenient construction afforded under the AEDPA. The Act's limitation provision should have put prisoners on notice that one year is a sufficient period of time within which to file their claims, and pro se prisoners who previously had almost unfettered discretion in deciding when to file a federal habeas petition likely relied on that one year period. Application of a shortened grace period would deny habeas petitioners of notice and the opportunity to modify their conduct accordingly. The use of the one-year period also promotes uniformity and avoids arbitrary results which may occur in a case-by-case determination. The Court also notes that the Attorney General has issued a directive to all United States Attorneys to concede that the AEDPA contains a one-year grace period that allows prisoners to file petitions pursuant to section 2255 for up to one year after the enactment of the AEDPA regardless of the date of their conviction. *See United States v. Smith,* 966 F.Supp. 408 (E.D.Va.).

In summary, the Court finds that the AEDPA's limitation period bars a state prisoner's federal habeas petition based on claims which arose more than one year prior to the Act's enactment unless the petition is filed on or before April 23, 1997. Because the instant petitions were filed prior to this date, they are not time-barred under the AEDPA's limitation period. Of course, nothing about this finding impacts Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly,

IT IS ORDERED that these actions are remanded to the Magistrate Judge for further proceedings in accordance herewith and in accordance with the Court's Standing Order.