Marcus **DICKERSON**

v.

Richard **STALDER, Doc Secretary.**

Civil Action No. 96–3879.

United States District Court,
E.D. Louisiana.

Oct. 20, 1997.

Marcus Dickerson, Angola, LA, pro se.

Karen Godail Arena, Dist. Attorney's Office, New Orleans, LA, for defendant.

## ORDER

PORTEOUS, District Judge.

The Court has considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and plaintiff's written objections to the Magistrate Judge's Report and Recommendation. Plaintiff Marcus Dickerson has not presented any arguments in his objections that were not already considered by the Magistrate Judge in his Report and Recommendation.

However, the Court will specifically address plaintiff's objections. Concerning the applicability of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the Magistrate in her Report and Recommendation pretermitted resolution of the deadline issue to file petitions because of disagreement among the Circuits and because the 5th Circuit has not ruled on this matter. Upon review of the case law in other circuits and a decision from the Western District of Louisiana, this Court will now address this issue.

■ Before the AEDPA, a prisoner did not have a time limit in which to file for habeas review in federal court. The law added § 2244(d) which stated that an application for review in federal court must be made by a person in state custody pursuant to the state judgment within one-year from the date on which the judgment became final. 28 U.S.C. § 2254. This amendment was promulgated on April 24, 1996, but Congress did not say whether it was retroactive. If a statute does not clearly mandate an application with retroactive effect, a court has to determine if it would have retroactive effect; if so, the judicial presumption against retroactivity would bar its application. *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

■ The issue in this case is whether the new law bars petitioner—whose various petitions were finalized in state court from 1990 to 1996—from federal habeas review because he did not file a petition within one year of final judgment and when he did file in December, 1996, it was after the enactment of AEDPA.

This Court is in agreement with the Seventh, Tenth, and Ninth circuits that prisoners whose convictions became final on or before April 24, 1996, the date the AEDPA was promulgated, have until April 24, 1997— or a one-year limitations period—to bring their motions for post-conviction relief. Thus no claims filed before April 24, 1997 will be time barred under § 2244(d) *Lindh v. Murphy*, 96 F.3d 856 (7th Cir.1996) (en banc) *rev'd on other grounds* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *U.S. v. Simmonds*, 111 F.3d 737 (10th Cir.1997). *Calderon v. U.S. District Court for the Central District of California*, 112 F.3d 386 (9th Cir.1997).

The Supreme Court ruled that new statutes of limitation must allow a "reasonable time after they take effect for the commencement of suits upon exiting causes of action." *Texaco, Inc. v. Short*, 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 791 n. 21, 70 L.Ed.2d 738 citing *Wilson v. Iseminger*, 185 U.S. 55, 62, 22 S.Ct. 573, 575, 46 L.Ed. 804 (1902).

In determining what is reasonable, the Seventh, Tenth and Ninth Circuits have held that the time limit imposed by AEDPA is "short enough that the 'reasonable time' after April 24, 1996 and the one-year statutory period coalesce ..." *Lindh*, 96 F.3d at 866; *Simmonds*, 111 F.3d at 746; and *Calderon*, 112 F.3d at 390. *See, Mitchell v. Cain*, 971 F.Supp. 1064,1065–1066 (W.D.La. July, 1997) citing *Flowers v. Hanks*, 941 F.Supp. 765, 771 (N.D.Ind.1996); *Duarte v. Hershberger*, 947 F.Supp. 146, 149 (D.N.J.1996).

The Second Circuit veered from this view, holding that a timely filed petition turns on the Court's determination of what constitutes "a reasonable grace period" after the April, 1996 legislation. *Peterson v. Demskie*, 107 F.3d 92 (2nd Cir.1997). In *Peterson*, the court allowed for a filing that occurred 72 days after the effective date of the Act because it "may well have been handed to prison authorities for mailing a slightly

shorter interval after that effective date." *Id.* at 93.

The problem with the "reasonable grace period" standard is where to draw the line between 72 days or say, 85 days, or 100 days. A clear bright line of one-year is the surest approach to promoting consistency in line with due process concerns and avoiding inconsistent and arbitrary rulings. With a one-year cut-off date, there can be no confusion about which petitions will get reviewed and thus serious due process problems can be avoided.

Critics of the one-year limitations approach will, no doubt, argue that arbitrary rulings can also be avoided by affording no grace period and time bar all petitions filed after the AEDPA's enactment. *Clarke v. United States,* 955 F.Supp. 593 (E.D.Va. 1997); *Curtis v. Class,* 939 F.Supp. 703 (D.S.D.1996); *United States v. Bazemore,* 929 F.Supp. 1567 (S.D.Ga.1996). However this approach raises grave concerns about notice.

Fair notice is a key aspect of the constitutional right of equal protection under the law. Notice is especially important with regard to a prison population to whom the AEDPA is directed and yet this group does not have immediate access to legal developments. Given that the Circuits have grappled with the AEDPA and the time-bar limitation for almost a year, inmates can hardly be expected to understand the provision's application in less than that time. Therefore, this Court holds that prisoners whose convictions became final on or before April 24, 1996, have up to one year after the enactment of the AEDPA or April 24, 1997 to file their petitions.

Though plaintiff's petition is not time-barred, the Court is in agreement with the Magistrate Judge's findings and therefore denies relief on substantive grounds.

First, whether or not plaintiff's third state post-conviction application alleged a *Brady* violation is of no moment. The third application was denied by the trial court pursuant to LSA–C.Cr.P. Art. 930.8 as having been filed more than three years after Dickerson's conviction and sentence became final. The main problem for plaintiff, however, is failure to exhaust his state court remedies. The Magistrate's Report points out that it appears that Dickerson did not seek writs from the Louisiana Fourth Circuit Court of Appeal or the Louisiana Supreme Court following the trial court's denial. Lack of exhaustion also afflicts his first petition in that he did not seek review following the trial court's denial on March 30, 1992.

The Court finds that the procedural default doctrine applies to plaintiff's petition of April 18, 1994, regarding jury instruction and the ineffectiveness of counsel for not objecting. It is well settled that federal habeas review of a constitutional claim is barred by the procedural default doctrine if the last state court to review the claim clearly and expressly states that its judgment rests on a procedural bar. *Harris v. Reed,* 489 U.S. 255, 261, 109 S.Ct. 1038, 1042, 103 L.Ed.2d 308 (1989). With limited exceptions not relevant here, Article 930.8 provides that no application for post-conviction relief shall be considered by the state courts if it is filed more than three years after the judgment of conviction and sentence of a defendant have become final which in this case was March 18, 1989.

■ The Court does not find that the difference between Officer Farve's testimony in the Trial Transcript and Preliminary Suppression Hearing to be significant enough to have warranted a suppression hearing. (Plaintiff's Objection, pp. 7–8). Per the Magistrate's analysis, the Louisiana Fourth Circuit properly focused on whether there was a warrantless search of the car. *State v. Dickerson,* 538 So.2d 1063, 1068–1070 (La.App.4 Cir.1989). Given a tip by a confidential informant that matched pre-stop events after defendant left the apartment and reasonable belief that the defendant was trying to avoid surveillance, plaintiff's argument that probable cause did not exist fails. Counsel's alleged failure to argue the probable cause issue more forcefully does not stand because the outcome of the proceedings, in this Court's view, would have been no different. *Green v. Lynaugh,* 868 F.2d 176, 177 (5th Cir.), *cert. denied,* 493 U.S. 831, 110 S.Ct. 102, 107 L.Ed.2d 66, (1989).

The Court agrees with the Magistrate Judge that plaintiff's habeas corpus claim should be dismissed with prejudice and approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matters.

Accordingly,

**IT IS ORDERED** that plaintiff's habeas corpus claim be, and the same is hereby **DISMISSED WITH PREJUDICE.**