Robert B. BINGHAM, Plaintiff,

v.

James ANDERSON, et al., Defendant.

No. CIV. A. 2:97CV356PG.

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Oct. 8, 1998.

Robert B. Bingham, Parchman, MS, pro se.

Jo Anne McFarland McLeod, Michael C. Moore, Office of the Attorney General, Jackson, for James Anderson, Commissioner, Ms Department of Corrections, Michael Moore, Attorney General of State of MS, Defendants.

### MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This cause came on this date to be heard upon the Proposed Findings of Fact and Recommendations of the United States Magistrate Judge entered herein on December 2, 1997, after referral of hearing by this Court as well as objections filed thereto by plaintiff, and the Court, having fully reviewed the same as well as the record in this matter, and being duly advised in the premises, finds that said Proposed Findings of Fact and

Recommendations correctly analyzes the law and should be adopted as the opinion of this Court.

This habeas corpus application implicates 28 U.S.C. section 2244(d)(1)(A), being section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

It also implicates section 2244(d)(2) of Title 28, which provides that during the time in which an application for post-conviction relief is pending the limitation period shall be tolled. 28 U.S.C. § 2244(d)(2).

Plaintiff was convicted of robbery in the Circuit Court of Jones County, Mississippi, and he was sentenced to a term of fifteen years, with five years suspended. Plaintiff's conviction and sentence was affirmed by the Mississippi Court of Appeals on September 19, 1995. Bingham had ninety days thereafter or until December 18, 1995, to file a writ of certiorari with the United States Supreme Court, which he did not do. Consequently, Bingham's conviction became final on December 18, 1995. The AEDPA did not become final until April 24, 1996. Since this portion of the AEDPA was not retroactive, the Magistrate Judge correctly concluded Plaintiff had one year from April 24, 1996 within which to file an application for writ of habeas corpus before this Court. *See Mitchell v. Cain,* 971 F.Supp. 1064 (W.D.La.1997).

■ Bingham filed a motion for post-conviction relief with the Mississippi Supreme Court on January 10, 1997. This motion was denied on May 16, 1997. Bingham's motion for post-conviction relief was pending for a period of 126 days and the Magistrate Judge correctly concluded that the one year period of limitations for Bingham to file his application for writ of habeas corpus was extended for 126 days after April 24, 1997, but that

nevertheless, Bingham's application was still filed 58 days beyond the time to which the statute of limitations had been tolled. Plaintiff alleges that he is entitled to habeas corpus because his attorney at trial filed a motion for a competency hearing to determine if he was mentally capable to assist in his trial and that the court overruled this motion without a hearing. Plaintiff alleges that this implicates ineffective assistance of counsel and due process. These are the same issues that Plaintiff raised in his motion for post conviction relief. The Mississippi Supreme Court ruled against the Plaintiff on these same issues.

Plaintiff objects to the conclusions of the Magistrate Judge, arguing that the one year statute of limitations did not begin to run until the Mississippi Supreme Court denied Plaintiff's motion for post conviction relief on May 16, 1997. Plaintiff contends that the statute of limitations for his filing an application for habeas corpus did not run until May 16, 1998, and that, therefore, his application for writ of habeas corpus filed on October 24, 1997, was well within the one year statute of limitations provided by the AEDPA. Congress declared otherwise. 28 U.S.C. section 2244(d)(1) clearly provides that the one year statute of limitations begins on "the date on which the *judgment became final by the conclusion of direct review* or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) (emphasis added). This statutory language is explicit. Congress went further in section 2244(d)(2) to provide for a *tolling* of the statute of limitations during the time in which an application for post conviction relief is pending. *See* 28 U.S.C. § 2244(d)(1). Congress clearly recognized the distinction between the date that a ruling is made on a motion for post conviction relief and the date on which a judgment becomes final because direct review is concluded or the time for seeking such review has expired. This Court cannot and should not rewrite the statutes of Congress.

■ Section 99–39–5 of the Mississippi Code provides that one convicted of crime under the statutes of Mississippi has three years to file a motion for post conviction relief. Miss.Code Ann. § 99–39–5 (1972).

Plaintiff by implication argues the Mississippi three year statute of limitations to file motions for post conviction relief has the effect of amending the AEDPA so that one desiring to seek federal habeas corpus review can do so if he files a motion for post conviction relief before a Mississippi court within three years and then files in federal court within one year thereafter plus a period of time equal to the time for which the motion for post conviction relief was pending. According to Plaintiff, the Mississippi statute would thus amend the AEDPA to make the one year statute of limitations a four year statute of limitations. This Court is not persuaded. State law cannot alter federal statutes of limitations which limit jurisdiction of federal courts to review state court convictions by writ of habeas corpus.

For a number of years, federal habeas corpus review of state court convictions many years after these convictions became final was criticized. In *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), the United States Supreme Court acknowledged criticism relative to the "abuse of writ" and observed: "One of the law's very objects is the finality of its judgments.... 'Without finality, the criminal law is deprived of much of its deterrent effect.'" *McCleskey,* 499 U.S. at 491, 111 S.Ct. 1454. The Supreme Court went on to observe:

> [T]he power of a State to pass laws means little if the State cannot enforce them.... Perpetual disrespect for the finality of convictions disparages the entire criminal justice system.... 'There comes a point where a procedural system which leaves matters perpetually open no longer reflects humane concern....'

*Id.* at 491–92, 111 S.Ct. 1454.

The Court strongly stated, "Federal courts should not continue to tolerate—even in capital cases—this type of abuse of the writ of habeas corpus." *Id.* at 496, 111 S.Ct. 1454. Similarly, this Court in *Drennan v. Hargett,* 852 F.Supp. 1332 (S.D.Miss.1994), commented: "It is routine for federal courts to be resolving habeas corpus issues ten, fifteen, or even more years after a heinous crime has been committed.... Long delays in the final resolution of criminal cases undermines confidence in the judicial system." *Drennan,* 852 F.Supp. at 1340.

In adopting the AEDPA, Congress obviously concluded that there should be federal review of state court convictions by application for habeas corpus, but Congress likewise concluded that there should be a limited time period during which these applications could be filed. *See, e.g.,* 142 Cong. Rec. S3462 (daily ed. Apr. 17, 1996) (statement of Sen. Heflin) ("Reform of the habeas corpus process will speed up the imposition of sentences...."); 141 Cong. Rec. S7877 (daily ed. June 7, 1995) (statement of Sen. Dole) ("[T]hese landmark reforms will go a long, long way to streamline the lengthy appeals process and bridge the gap between crime and punishment in America."); 141 Cong. Rec. S7679 (daily ed. June 5, 1995) (statement of Sen. Hatch) ("By passing these provisions, we ensure that those responsible for killing scores of U.S. citizens will be given the swift penalty that we in society exact upon them"). Otherwise, lack of finality in state court convictions would continue to be a serious problem for the justice system.

■ The Court overrules Plaintiff's objections and concludes that one convicted of crime in the State of Mississippi, in cases where the conviction became final prior to April 24, 1996, had one year thereafter plus the period of time for which a motion for post conviction relief is pending before the Mississippi courts in which to file an application for writ of habeas corpus but may not file an application thereafter. As to convictions which became or become final in Mississippi courts after April 24, 1996, defendants have one year after the conviction became or becomes final plus the time during which a motion for post conviction relief is pending before the courts of Mississippi within which to file such an application, and no application may be filed thereafter. Even though defendants may not file for habeas corpus before federal courts more than one year after their conviction becomes final, defendants may nevertheless, still file their motions for post conviction relief before the Mississippi courts for up to three years. However, if they do not file the application for writ of habeas corpus in federal court within one year after

the conviction becomes final, plus the period of time as to which a motion for post conviction relief is pending, they waive or lose their right to review by federal courts. They may still, however, file for relief before the state courts. In our federal system there is nothing inconsistent with the State of Mississippi granting more time for review of criminal cases than does the federal government. Congress has decided the federal courts' jurisdiction to review state court convictions on application for habeas corpus should be limited, and Congress's power over federal court jurisdiction is extremely broad. *See* U.S. Const. art. III, § 2, cl. 2. (stating that the appellate jurisdiction of the Supreme Court shall be subject to "such Exceptions, and . . . Regulations as the Congress shall make"); *see also, Ankenbrandt v. Richards,* 504 U.S. 689, 697–98, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) (stating that Congress may limit the jurisdiction of the Article III courts it chooses to create); *Sheldon v. Sill,* 49 U.S. (8 How.) 441, 449, 12 L.Ed. 1147 (1850) (stating that "courts created by statute can have no jurisdiction but such as the statute confers"); *Turner v. Bank of North America,* 4 U.S. (4 Dall.) 8, 16, n. 1, 1 L.Ed. 718 (1799) (finding that the jurisdiction of federal courts lies within the power of Congress to regulate).

One convicted of crime in Mississippi desirous of federal habeas corpus review may file both his motion for post conviction relief in the state court and his application for habeas corpus review in federal court within one year after the time when his conviction becomes final. The federal proceeding can be stayed until the state court has ruled on the motion for post conviction relief. A defendant may also file his motion for post conviction relief before the state courts of Mississippi within one year after his conviction becomes final and the statute of limitations will be tolled until a decision is rendered in the state court proceeding. The defendant would then have a period of time equal to the time that remained after he filed his state court proceeding until one year after his conviction became final within which to file his application for habeas corpus in federal court (one year after his conviction became final plus a period of time equal to

the time as to which his motion for post conviction relief was pending).

IT IS, THEREFORE, ORDERED that the Proposed Findings of Fact and Recommendation of the Magistrate Judge as well as the reasoning set out in this opinion be, and the same hereby are, adopted as the finding of this Court, and the motion of respondent should be granted, and petitioner's application for writ of habeas corpus should be dismissed. A separate judgment will be entered herein in accordance with this Order as required by Rule 58 of the Federal Rules of Civil Procedure.