IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30480
_____


OSCAR TUESNO,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana
State Penitentiary; RICHARD P.
IEYOUB, Attorney General,
State of Louisiana,

Respondents-Appellees.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
(96-CV-3171-G)
_____

October 7, 1999

Before JOLLY and SMITH, Circuit Judges, and TOM STAGG,[*] District
Judge.

PER CURIAM:[**]

The petitioner, Oscar Tuesno, was convicted of two counts of

attempted murder of two police officers.  After his convictions

were affirmed, the petitioner sought habeas relief in the Louisiana

courts, which was denied.  He then sought federal relief, which the

district court denied.  Following our granting of the petitioner's

motion for a certificate of appealability ("COA"), he asserts on

_____

[*]District Judge of the Western District of Louisiana, sitting
by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal that the reasonable doubt jury instruction given at trial was violative of the Due Process Clause as defined by the Supreme Court in Cage v. Louisiana, 498 U.S. 39 (1990), and that his trial counsel's failure to object to such a jury instruction rendered his assistance ineffective. We hold that the petitioner's Cage claim is procedurally barred, and that his ineffective assistance of counsel claim is without merit. We therefore affirm the district court's denial of habeas relief.

I

At approximately 2:00 a.m. on August 26, 1989, seven New Orleans police officers went to 529½ Washington Avenue to serve a search warrant, which authorized them to enter the dwelling and search for drugs. After knocking and clearly announcing their presence, shots were fired from inside the house as the officers attempted to enter through the door. The bullets struck two police officers. After entering the dwelling, the officers subdued its occupants, Oscar Tuesno and Ms. Pegg. They found a .25 caliber handgun hidden under a mattress. Ballistics established that the bullets that struck the two officers were fired from the .25 caliber handgun.

On October 19, 1989, the state filed a bill of information charging Tuesno with two counts of attempted first degree murder and one count of possessing a firearm as a convicted felon. On November 8, 1990, following a two-day trial, Tuesno was found guilty on both counts of attempted murder. He was sentenced to two

consecutive fifty-year terms.  On direct appeal, Tuesno raised an "ineffective assistance of counsel" and an "insufficiency of evidence" claim.  These claims were reviewed by both the Louisiana Fourth Circuit Court of Appeals and the Louisiana Supreme Court.  The convictions were affirmed.  See State v. Tuesno, 595 So.2d 1277 (La. App. 4 Cir. 1992), State v. Tuesno, 605 So.2d 1096 (La. 1992).

On November 10, 1992, Tuesno filed his first federal petition for habeas relief, claiming "ineffective assistance of counsel." He later filed a motion to dismiss this petition to pursue additional unexhausted post-conviction claims in Louisiana state court.  This motion to dismiss was granted, and the petition was dismissed without prejudice.  Following a string of post-conviction appeals in state court, during which Tuesno raised for the first time a claim that the jury instructions given at trial denied him due process[1], he filed a second habeas petition in federal court. On April 25, 1997, the district court dismissed the petition with prejudice.  On June 19, 1997, we granted Tuesno's COA on three issues: (1)whether the jury instruction given in this case violates Cage v. Louisiana, 498 U.S. 39 (1990), (2) whether counsel was ineffective for failing to object to the instruction, and (3)

---

[1]Tuesno raised the issue of a denial of due process as a result of the jury instructions for the first time during his post-conviction appeals.  His trial counsel did not contemporaneously object to the jury instructions when they were given, and the issue was not raised on direct appeal to the Louisiana Fourth Circuit Court of Appeal or the Louisiana Supreme Court.

whether the issue (counsel's ineffective assistance) is cognizable in a habeas proceeding.

## II

## A

The State of Louisiana contends that Tuesno is procedurally barred from habeas relief on the basis of the erroneous jury instruction because Tuesno's trial counsel failed contemporaneously to object it. We have previously addressed this procedural bar in Muhleisen v. Ieyoub, 168 F.3d 840 (5th Cir. 1999). In Muhleisen, the court stated: "If a state court decision rejecting a federal habeas petitioner's constitutional claim rests on an adequate and independent state procedural bar, this court may not review the merits of the federal claim absent a showing of cause and prejudice for the procedural default, or a showing that failure to review the claim would result in a complete miscarriage of justice." Id. at 843, citing Boyd v. Scott, 45 F.3d 876, 879-80 (5th Cir. 1994). The court went on to analyze the constitutional sufficiency of the Louisiana contemporary objection rule as applied to Cage claims and held it "constitutionally adequate."[2] Id.

---

[2]"An adequate rule is one that state courts strictly or regularly follow, and one that is applied evenhandly to the vast majority of similar claims." Muhleisen, 168 F.3d 843, citing Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997)(citations omitted). Since 1996, the Louisiana Supreme Court has followed the consistent rule that failure to lodge a contemporaneous objection to a reasonable doubt jury instruction procedurally barred its review under Cage. See State v. Taylor, 669 So.2d 364 (La. 1996), State v. Hart, 691 So.2d 651 (La. 1997), Muhleisen, 168 F.3d at 843 (stating "Louisiana's Supreme Court's consistent[ly] apply[] the contemporary objection rule").

4

Thus, absent a showing of "cause and prejudice" or "a complete miscarriage of justice," Tuesno is procedurally barred from raising this claim in a federal habeas petition by an adequate and independent state procedural rule.

In Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme Court outlined the "cause and prejudice" requirements. The court defined "cause" as a showing that "some objective factor external to the defense impeded counsel's efforts to comply with the State procedural rule." Id. at 488. "Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default. . . ." Id. at 492. The Court defined "prejudice" as more than a showing that "errors" created a possibility of prejudice, but that "they worked to his actual and substantive disadvantage, infecting his entire trial with errors of constitutional dimensions." Id. at 494. "Such a showing of pervasive actual prejudice can hardly be thought to constitute anything other than a showing that the prisoner was denied fundamental fairness at trial." Id. Tuesno's only claim of prejudice is that the jury instruction was so far off the mark that it tainted the jury's verdict. We conclude that when the reasonable doubt jury instruction is viewed in the light of the entire jury charge, it did not rise to the level of prejudice required under Murray.

First, the jury did not receive a copy of the written instruction to review while it decided the case. As such, it was

5

unable to debate the meaning of each individual word or phrase contained in the jury instruction. Second, the trial court repeatedly instructed the jury that if it entertained any reasonable doubt as to any fact or element necessary to constitute guilt, that it was duty bound to deliver a verdict in favor of the defendant. In fact, the very jury instruction under inquiry includes the phrase beyond a reasonable doubt two separate times. Third, in subsequent jury instructions, the trial judge instructed the jury that it was the exclusive judge of fact and that in order to return a conviction based on circumstantial evidence alone, the circumstantial evidence "must be strong and convincing enough to exclude every reasonable theory of innocence." Further, the judge instructed the jury that if it found "the evidence unsatisfactory or lacking upon any single point necessary to prove the defendant's guilt," this would give rise to a reasonable doubt and justify a verdict of not guilty. Finally, the jury was specifically instructed as to the meaning of "specific intent" and that if it had a reasonable doubt "as to any or all grades of the offenses charged, [it] must find the defendant not guilty." Thus, when viewed in the light of the entire jury charge, it is clear that any error in the reasonable doubt jury instruction did not result in a fundamentally unfair trial or jury verdict.

B

Turning to Tuesno's ineffective assistance of counsel claim, the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104

6

S.Ct. 2052, 80 L.Ed.2d 674 (1984), set out the standard for measuring whether a criminal defendant received ineffective assistance of counsel. The defendant must show: (1) "that counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Id. at 687. Failure to establish either prong is fatal to the claim. Id., Murray v. Maggio, 736 F.2d 279, 281 (5th Cir. 1984). "Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. Such deference carries with it a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Conclusory allegations are not enough; the defendant must "affirmatively prove prejudice." Id. at 693. The defendant must show not only that counsel's assistance was in some way deficient, but also that the alleged deficiency "actually had an adverse effect on the defense." Id. Absent a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," the defendant's claim will fail. Id. at 694.

Tuesno asserts that his trial counsel was deficient in failing to object to the reasonable doubt jury instruction. Beyond mere conclusory allegations, he points only to the Supreme Court's decision in Cage to provide the basis for his claim. The Cage decision, however, was decided after Tuesno's trial.[3] This court

---

[3]The Supreme Court handed down its decision in Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339, on November 13, 1990. The jury was instructed and returned a guilty

has repeatedly held that a lawyer's performance cannot be measured against a standard not in effect at the time of the trial. See Schneider v. Day, 73 F.3d 610, 611 (5th Cir. 1996), Gaston v. Whitley, 67 F.3d 73, 123 (5th Cir. 1995). Although counsel's objection would have placed him among attorneys with a superior understanding of constitutional law, his failure to object does not render his assistance constitutionally ineffective.

Further, even if Tuesno's trial counsel is held to the standard handed down in Cage, the overwhelming evidence of Tuesno's guilt presented at trial indicates that there is "no reasonable probability" of a different outcome. See Green v. Lynaugh, 868 F.2d 176, 177 (stating "if the facts adduced at trial point so overwhelmingly to the defendant's guilt . . . then the defendant's ineffective assistance claim must fail"). The prosecution introduced the uncontroverted testimony of Ms. Pegg, the only other occupant of the residence at the time of the shooting, and the police officers, all of whom testified that the bullets that struck the two officers were fired by Tuesno. Additionally, ballistics tests established that the bullets that struck the two officers were fired from the .25 caliber handgun found under a mattress in the room where Tuesno was arrested. When this evidence is considered in its "totality," it clearly establishes Tuesno's guilt. See Strickland, 466 U.S. at 695 (stating "a court hearing an ineffectiveness claim must consider the totality of the evidence

verdict in Tuesno's trial on November 8, 1990.

before the judge or jury").  Thus, because Tuesno has failed to meet his burden, his claim for ineffective assistance of counsel fails.[4]

### III

In conclusion, we hold that Tuesno is procedurally barred from raising a <u>Cage</u> error in his federal habeas petition.  Further, Tuesno has failed to show that the assistance he received from his trial counsel was constitutionally ineffective.  Tuesno's petition for habeas relief is

D E N I E D.

---

[4]The court need not address the merits of Tuesno's third ground of appeal. Whether or not the issue of the unconstitutionality of a jury instruction is cognizable in a habeas proceeding need not be addressed.  Even if such a ground for appeal is cognizable in a federal habeas proceeding, Tuesno has failed to make a sufficient showing that the jury instruction was in any way unconstitutional or that his trial counsel's failure to object was in any way prejudicial.  Thus, the court expresses no opinion in this regard.