## CIRCUIT COURT OF BEDFORD COUNTY

Thomas Leroy Lipscomb

v.

Loretta Kelly,
Warden, et al.

December 22, 1999

BY JUDGE JAMES W. UPDIKE, JR.

In the captioned matter, the petitioner, Thomas Leroy Lipscomb, challenges a criminal conviction rendered by the Circuit Court of Bedford County on August 20, 1996. On that date, petitioner was convicted of distribution of cocaine, sentenced to twenty years imprisonment, and fined $10,000.00. Petitioner requests this court to issue a writ of habeas corpus.

The respondent, Ms. Loretta Kelly, has filed by counsel a motion to dismiss the petition for a writ of habeas corpus. In her motion, respondent argues that the petition is barred by the limitation period set forth in § 8.01-654(A)(2) of the Code of Virginia. Respondent further argues that certain claims made by the petitioner are barred by the decision rendered in *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 68 (1974).

I will first address the issue of the statute of limitations. Section 8.01-654(A)(2) provides in pertinent part:

> A habeas corpus petition attacking a criminal conviction or sentence, except as provided in § 8.01-654.1 for cases in which a death sentence has been imposed, shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Section 8.01-654(A)(2) of the Code of Virginia.

The record in this matter reveals that the petitioner signed his petition for a writ of habeas corpus on September 16, 1999. However, the letter of transmittal, addressed to the clerk of this court and signed by the petitioner, is dated October 14, 1999. This letter and the petition itself are marked filed in the clerk's office of this court on October 15, 1999, at 11:15 a.m. For purposes of ruling on the plea of the statute of limitations, I rule that the petition for a writ of habeas corpus was filed with this court on October 15, 1999.

The record in this matter indicates that petitioner was convicted and sentenced on August 20, 1996. Therefore, the petition for a writ of habeas corpus was filed more than two years from the date of the final judgment in the trial court.

The record further indicates that petitioner's appeal of his conviction was denied by the Supreme Court of Virginia on May 28, 1998. Consequently, the petition for a writ of habeas corpus was filed more than one year from final disposition of his direct appeal in state court.

Section 8.01-654(A)(2) became effective on July 1, 1998. Therefore, the petition for a writ of habeas corpus was filed more than one year from the effective date of the applicable statute of limitations.

When ruling upon the consequences of petitioner having filed his application more than a year from the effective date of the applicable statute of limitations, I find the decision rendered in *Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998), to be instructive. In *Brown*, the United States Court of Appeals for the Fourth Circuit addressed the effect of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) which was signed by President Clinton on April 24, 1996. This statute imposes a one-year period of limitation upon the filing of petitions for a writ of habeas corpus. The court ruled that prisoners whose convictions became final before the effective date of AEDPA had until April 23, 1997 (one year from the effective date of AEDPA) to file their petitions for a writ of habeas corpus. This decision was cited with approval in *United States v. Pregent*, 190 F.3d 279 (4th Cir. 1999).

Because petitioner filed his application for a writ of habeas corpus more than two years from the date of the final judgment in the trial court, more than one year from final disposition of his direct appeal in state court, and more than one year from the effective date of § 8.01-654(A)(2) of the Code of Virginia, I grant respondent's motion to dismiss the petition for a writ of habeas corpus. The remaining issues raised by respondent's motion to dismiss need not be addressed.