FILED: July 18, 2000

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 99-767**

───────────────

In Re: BYRON JONES, a/k/a Carl Lee, a/k/a B,

Movant.

───────────────

**ORDER**

───────────────

Byron Jones seeks permission to file a second or successive motion to vacate his sentence. See 28 U.S.C.A. § 2255 (West Supp. 2000). If we were to grant such permission, Jones would argue in the district court that his convictions for using or carrying firearms during a drug trafficking offense, see 18 U.S.C.A. § 924(c)(1) (West 2000), are invalid in light of the decision of the United States Supreme Court in Bailey v. United States, 516 U.S. 137 (1995). Jones concedes that because his Bailey claim does not rest on a new rule of constitutional law, he cannot satisfy the limitations on second or successive § 2255 motions enacted by § 105 of the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, § 105, 110 Stat. 1214, 1220. He argues, however, that because he filed his first § 2255 motion prior to the

enactment of the AEDPA, application to him of amended § 2255 would be impermissibly retroactive. Alternatively, Jones maintains that his inability to raise his Bailey claim in a second or successive § 2255 motion makes that remedy "inadequate or ineffective to test the legality of his detention," 28 U.S.C.A. § 2255, thereby entitling him to file a petition for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2241 (West 1994). For the reasons set forth below, we conclude that application of the new "gatekeeping" provisions of § 2255 to bar Jones' Bailey claim is not impermissibly retroactive. We also hold, however, that under the circumstances § 2255 is inadequate or ineffective to test the legality of Jones' detention, and accordingly, that he may file a habeas corpus petition pursuant to § 2241.

I.

In 1993, Jones was convicted of conspiracy to possess with the intent to distribute and to distribute cocaine base, see 21 U.S.C.A. § 846 (West 1999), possession with the intent to distribute cocaine base, see 21 U.S.C.A. § 841(a)(1) (West 1999), and four counts of using and carrying a firearm during and in relation to a drug trafficking offense, see 18 U.S.C.A. § 924(c)(1). He was sentenced to 420 months imprisonment. We affirmed the convictions on direct appeal, rejecting, inter alia, Jones' argument that the evidence was insufficient to support his

§ 924(c)(1) convictions.  See United States v. Jones, 16 F.3d 413 (4th Cir. 1994) (per curiam) (unpublished table decision).  In February 1995, Jones filed a pro se motion to vacate his sentence pursuant to § 2255.  The district court denied relief in June of that year, and we affirmed, see United States v. Jones, 74 F.3d 1234 (4th Cir. 1996) (per curiam) (unpublished table decision).

In December 1995, the Supreme Court held in Bailey that the Government must prove active employment of a firearm in order to convict under the "use" prong of § 924(c)(1).  See Bailey, 516 U.S. at 143.  This holding overruled the prior law of this circuit, which was that the Government could establish "use" of a firearm under § 924(c)(1) by proving that "the firearm [was] present for protection and to facilitate the likelihood of success, whether or not it [was] actually used."  United States v. Paz, 927 F.2d 176, 179 (4th Cir. 1991) (internal quotation marks omitted).  Under this standard, even constructive possession of a firearm in connection with a drug trafficking offense was sufficient to establish "use." See id.

On April 24, 1996, Congress enacted the AEDPA.  Among other things, the AEDPA codified and extended judicially constructed limits on second and successive collateral attacks on convictions. Under the AEDPA, an individual must first obtain permission from the appropriate circuit court of appeals before filing a second or

3

successive § 2255 motion.  See 28 U.S.C.A. § 2255.  Such permission may be granted only if the claim sought to be raised presents

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id.

In April 1997, Jones, again proceeding pro se, moved this court for authorization to file a second or successive § 2255 motion, arguing, inter alia, that his § 924(c)(1) convictions were invalid under Bailey.  We denied the motion for authorization.  See generally In re Vial, 115 F.3d 1192, 1195-97 (4th Cir. 1997) (en banc) (holding that Bailey did not establish a new rule of constitutional law and had not been made retroactive to cases on collateral review by the Supreme Court).  In June 1998, Jones filed another pro se motion for authorization, contending that the recent decision of the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998), entitled him to an opportunity to challenge his § 924(c)(1) convictions in the district court.  See Bousley, 523 U.S. at 622-24 (recognizing that a federal prisoner may raise a Bailey claim on collateral review).  We again denied the motion.

In November 1999, Jones filed a third pro se motion for authorization, again seeking to overturn his § 924(c)(1)

4

convictions under <u>Bailey</u>.  Citing our recent decision in <u>Mueller v. Angelone</u>, 181 F.3d 557 (4th Cir.), <u>cert. denied</u>, 120 S. Ct. 37 (1999), Jones argued that because he filed his first § 2255 motion prior to the enactment of the AEDPA, application of the gatekeeping provisions of amended § 2255 would be impermissibly retroactive. We appointed counsel, instituted a formal briefing schedule, and calendared the case for oral argument.  In his formal brief, Jones (through counsel) makes two arguments.  First, he argues that application of amended § 2255 is impermissibly retroactive. Alternatively, he maintains that § 2255, as amended by the AEDPA, is inadequate or ineffective to test the legality of his detention, and that he should therefore be entitled to file a petition for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2241.  The Government has filed a short brief agreeing with Jones' position on both issues.

## II.

We first address Jones' contention that application to him of the gatekeeping provisions of amended § 2255 is impermissibly retroactive.  We have stated that the provisions of the AEDPA generally apply to cases filed after its effective date.  <u>See</u> <u>Brown v. Angelone</u>, 150 F.3d 370, 372 (4th Cir. 1998); <u>see also</u> <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1602 (2000) (noting that the Court held in <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997), that the amendments

5

effected by the AEDPA apply to habeas petitions filed after its effective date).  Applying the AEDPA is inappropriate, however, when doing so would have an impermissible retroactive effect.  See Mueller, 181 F.3d at 569; see also Brown, 150 F.3d at 373-74 (concluding that application of limitations period established by the AEDPA to prisoners whose convictions became final before enactment would be impermissibly retroactive).  In determining whether application of a new statute would have an impermissible retroactive effect, we are guided by "familiar considerations of fair notice, reasonable reliance, and settled expectations." Landgraf v. USI Film Prods., 511 U.S. 244, 270 (1994).  As the Supreme Court explained in Landgraf, "[a] statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based in prior law.  Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment."  Id. at 269-70 (citation & footnote omitted).  In Mueller, we interpreted this language to mean that we will not apply the provisions of the AEDPA to cases filed after its enactment when "to do so would attach new legal consequences such that the party affected might have acted differently had he known that his conduct would be subject to the new law."  Mueller, 181 F.3d at 569.  Mueller thus rejected the position taken by at least one circuit court of appeals that

6

application of the AEDPA is impermissibly retroactive whenever the AEDPA mandates a different result than previous law. See In re Minarik, 166 F.3d 591, 600-01 (3d Cir. 1999). Rather, Mueller indicates that some form of reliance on pre-AEDPA law must exist in order for there to be an impermissible retroactive effect.

Those of our sister circuits that have adopted a "reliance" requirement have interpreted the requirement in varying ways. For example, the Fifth and Seventh Circuits require a showing of actual detrimental reliance. See Graham v. Johnson, 168 F.3d 762, 783-86 (5th Cir. 1999), cert. denied, 120 S. Ct. 1830 (2000); Alexander v. United States, 121 F.3d 312, 314 (7th Cir. 1997). The First Circuit, although it has not actually decided the question, has indicated that it would require not only actual reliance, but also a showing that the reliance was objectively reasonable. See Pratt v. United States, 129 F.3d 54, 59 (1st Cir. 1997). In contrast, the Sixth Circuit has held that a change in the law is impermissibly retroactive when the litigant "might have acted differently had he known of that new consequence." In re Hanserd, 123 F.3d 922, 931 (6th Cir. 1997).[1]

---

[1] The Ninth Circuit has held that application of the gatekeeping provisions of amended § 2255 is never impermissibly retroactive because those provisions do not "impose a new duty or disability with respect to the resolution of [a] first motion." United States v. Villa-Gonzalez, 208 F.3d 1160, 1163 (9th Cir. 2000) (per curiam). We disagree. The AEDPA amendment of § 2255 indisputably attaches a new legal consequence to the filing of a first § 2255 motion: rather than showing that a second or successive motion is not an abuse of the writ, a movant must

7

As in Mueller, 181 F.3d at 569 n.6, we need not define the appropriate reliance standard, because Jones cannot establish reliance under any formulation. In the first place, Jones has not even attempted to demonstrate that he actually relied on the continued existence of pre-AEDPA law in filing his first § 2255 motion. Moreover, Jones cannot make a plausible showing that he "might have acted differently had he known" that any subsequent § 2255 motion would be subject to the gatekeeping provisions. Hanserd, 123 F.3d at 931. There simply is no reason to believe that, even if Jones had known that the gatekeeping provisions of § 2255 would be enacted, he would have forgone the possibility of release from prison based on the claims raised in his first § 2255 motion on the supposition--surely an implausible one at the time-- that a change in the law would subsequently invalidate his § 924(c)(1) convictions. Moreover, it cannot be ignored that Jones' challenge to his § 924(c)(1) convictions could have been raised on direct appeal and in his first § 2255 motion. See Bousley, 523 U.S. at 621-22; see also Graham, 168 F.3d at 786 (concluding that habeas petitioner could not show that he might have relied on pre-AEDPA law when claims could have been raised in prior habeas petition).

Because Jones has not shown that he relied in any fashion on pre-AEDPA law, he cannot demonstrate that application of the

_____

satisfy the more stringent gatekeeping standards.

8

gatekeeping provisions of amended § 2255 have an impermissible retroactive effect as applied to him.

III.

Jones concedes that if application of the gatekeeping provisions of amended § 2255 is not impermissibly retroactive, those provisions mandate that we deny his request for permission to file a second or successive § 2255 motion. He maintains, however, that his inability to file a second or successive § 2255 motion makes that remedy inadequate or ineffective to test the legality of his detention, thereby entitling him to file a petition for a writ of habeas corpus under 28 U.S.C.A. § 2241.

28 U.S.C.A. § 2241 allows a federal prisoner to seek a writ of habeas corpus. A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined. See id. § 2241(a). This requirement caused a number of practical problems, among which were difficulties in obtaining records and taking evidence in a district far removed from the district of conviction, and the large number of habeas petitions filed in districts containing federal correctional facilities. See United States v. Hayman, 342 U.S. 205, 212-14 (1952). These practical problems led Congress to enact § 2255, "which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more

9

efficiently." Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997); see Hayman, 342 U.S. at 219. Section 2255 thus was not intended to limit the rights of federal prisoners to collaterally attack their convictions and sentences. See Davis v. United States, 417 U.S. 333, 343 (1974) (noting that "§ 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus"); Hayman, 342 U.S. at 219 ("Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions."). Indeed, when § 2255 proves "inadequate or ineffective to test the legality of ... detention," a federal prisoner may seek a writ of habeas corpus pursuant to § 2241. 28 U.S.C.A. § 2255.

Jones seeks to invoke this "savings clause" as a means of presenting his Bailey claim to a district court. He maintains that the gatekeeping provisions--which concededly bar him from presenting his Bailey claim in a second or successive § 2255 motion--render § 2255 "inadequate or ineffective." We conclude that in a limited number of circumstances, like those presented here, § 2255 as amended by the AEDPA is inadequate or ineffective to test the legality of the detention of a federal prisoner. In such cases, the prisoner may file a petition for a writ of habeas corpus in the district of confinement pursuant to § 2241.

It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief

10

under that provision.  See, e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam); Vial, 115 F.3d at 1194 n.5. A contrary rule would effectively nullify the gatekeeping provisions.  See United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999), cert. denied, 120 S. Ct. 1208 (2000); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998).  Nevertheless, there must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless.  See Barrett, 178 F.3d at 51; Davenport, 147 F.3d at 608.

Since the decision in Bailey and the enactment of the AEDPA, several circuit courts of appeals have addressed the question of whether § 2255 is inadequate or ineffective to test the legality of the detention of an individual who was convicted under an improper definition of the "use" prong of § 924(c)(1).  These courts have uniformly concluded that § 2255 may be inadequate or ineffective in certain circumstances.  See Davenport, 147 F.3d at 610-12; Triestman, 124 F.3d at 376-80; In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997).[2]  In each of these cases, the court has noted that the prisoner's first § 2255 motion was filed prior to the decision in Bailey, at a time when it would have been futile to challenge the then-prevailing interpretation of the "use" prong of § 924(c)(1).  These courts further have observed that Bailey

---

[2] See also Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (identifying circumstances in which § 2255 is inadequate or ineffective in case not involving Bailey claim).

11

establishes that a prisoner whose conviction rests on an improper definition of "use" is incarcerated for conduct that is not criminal, and that a <u>Bailey</u> claim is properly considered on collateral review. These courts have held that under these limited circumstances, § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly that the prisoner may file a habeas petition under § 2241.[3]

We agree with the rationale and holdings of these courts. Accordingly, we conclude that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Applying this holding to Jones' case, we conclude that he is entitled to file a habeas petition in the district of his confinement pursuant to § 2241. Jones was convicted of four counts

---

[3] Importantly, neither <u>Davenport</u>, <u>Treistman</u>, nor <u>Dorsainvil</u> holds that § 2255 is inadequate or ineffective on the basis that the movant's <u>Bailey</u> claim would satisfy pre-AEDPA abuse of the writ standards. Rather, these courts have focused on the more fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, has no source of redress.

of violating § 924(c)(1) based on the discovery of four firearms in a locked closet.  The firearms were found during the course of a search that also resulted in the discovery of a quantity of crack cocaine in another part of the apartment.  Under the settled law of this circuit at the time of Jones' conviction, the evidence was sufficient to support a conclusion that Jones "used" the guns during and in relation to a drug trafficking offense.  However, under Bailey, mere possession of firearms during and in relation to a drug trafficking offense does not constitute "use" within the meaning of § 924(c)(1); thus, Jones is incarcerated for conduct that is not criminal.[4]  Finally, Bailey was decided after Jones' appeal and after the decision on his first § 2255 motion.

IV.

For the reasons set forth above, we conclude that application of the gatekeeping provisions of 28 U.S.C.A. § 2255, as amended by the AEDPA, is not impermissibly retroactive.  However, we hold that

---

[4] Indeed, under the facts presented Jones could not even have been convicted of "carrying" the firearms.  See United States v. Sheppard, 149 F.3d 458, 463 (6th Cir. 1998) (explaining that "[p]ossession of a firearm is distinguishable from carrying a firearm, and is not enough to establish liability under § 924(c)"); cf. United States v. Harris, 183 F.3d 313, 318 (4th Cir.) (holding that defendant could not demonstrate actual innocence of carrying firearm during and in relation to a drug trafficking offense when a weapon was found in nightstand of hotel room rented for the purpose of drug trafficking), cert. denied, 120 S. Ct. 550 (1999).

13

under the circumstances, amended § 2255 is inadequate or ineffective to test the legality of Jones' conviction.

Entered at the direction of Judge Wilkins, with the concurrences of Judge Murnaghan and Judge Williams.

FOR THE COURT

_____
Clerk

14