**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-7548**

_____

ALAN R. MANN,

    Petitioner - Appellant,

    v.

DAVID L. YOUNG,

    Respondent - Appellee.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Frank W. Volk, District Judge.  (5:19-cv-00548)

_____

Submitted:  December 29, 2021                    Decided:  February 24, 2022

_____

Before AGEE and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Alan R. Mann, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alan R. Mann, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and dismissing without prejudice for lack of jurisdiction Mann's 28 U.S.C. § 2241 petition in which Mann sought to challenge his 18 U.S.C. § 922(g) conviction by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

The district court required Mann to demonstrate that the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), applies retroactively to cases on collateral review, although that is not a part of our *In re Jones* test. Nevertheless, following *Greer v. United States*, 141 S. Ct. 2090 (2021), we find no reversible error in the district court's ultimate conclusion that it lacked jurisdiction to consider Mann's § 2241 petition. Accordingly, we affirm the district court's order.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*